Case 3:16-cv-00470-BEN-JMA   Document 25   Filed 01/17/17   PageID.187   Page 1 of 7

FILED

17 JAN 17 PM 3:39

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:   DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO RENE HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>JEFFREY BEARD, Secretary of California Department of Corrections, et al.,<br><br>Respondents. | Case No.: 3:16-cv-00470-BEN-JMA<br><br>**ORDER:**<br><br>**(1) DENYING PETITIONER'S MOTION FOR STAY OF JUDGMENT;**<br><br>**(2) DENYING PETITIONER'S MOTION FOR SECOND EXTENSION OF TIME TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION;**<br><br>**(3) ADOPTING REPORT AND RECOMMENDATION; and**<br><br>**(4) GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Docket Nos. 8, 14, 19, 24] |

Petitioner Francisco Rene Hernandez, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254, challenging his San Diego Superior Court conviction and sentence in

1

Case No. SCE286092. (Docket No. 1.) Respondent Jeffrey Beard filed a Motion to Dismiss the Petition. (Docket No. 8.) The Motion is fully briefed.

Magistrate Judge Jan M. Adler issued a thoughtful and thorough Report and Recommendation ("Report") recommending this Court grant Respondent's Motion and dismiss the Petition. (Docket No. 14.) Specifically, the Report found Petitioner had previously filed a petition for writ of habeas corpus in this Court, in which he challenged the same conviction and sentence that he challenges in the current Petition. (*Id.* at 2.) As such, the Petition should be dismissed as successive pursuant to 28 U.S.C. § 2244(b)(2). (*Id.* at 3-4.) Petitioner did not timely file any objections to the Report. Petitioner has since filed a Motion for Stay of Judgment and a Motion for a Second Extension of Time to File Objections. (Docket Nos. 19, 24.)

For the reasons that follow, the Court **DENIES** the Motion for Stay, **DENIES** the Motion for a Second Extension of Time, and **ADOPTS** the Report and Recommendation.

## PROCEDURAL HISTORY AND BACKGROUND

On July 2, 2012, Petitioner filed a petition for writ of habeas in this Court, wherein he challenged his August 4, 2009 conviction and resulting sentence in San Diego County Superior Court Case No. SCE286092 for two counts of robbery under California Penal Code § 211. *See Hernandez v. Beard*, 3:12-cv-01682-BEN-DHB.[1]

On October 16, 2013, this Court adopted Magistrate Judge David H. Bartick's Report and Recommendation to deny the petition and also denied a certificate of

---

[1] Petitioner's conviction was affirmed by the California Court of Appeal on October 27, 2011. (*See Hernandez v. Beard*, 3:12-cv-01682-BEN-DHB, Docket No. 28 at 4.) Petitioner then filed a petition for review in the California Supreme Court, which issued a silent denial on January 11, 2012. (*Id.*) Petitioner also filed a habeas corpus petition in San Diego Superior Court, which was denied on January 27, 2010. (*Id.*) Petitioner subsequently filed a habeas corpus petition with the California Court of Appeal, which was denied on November 6, 2011. (*Id.*, Docket No. 28 at 5.) Petitioner then filed a habeas corpus petition with the California Supreme Court, which was denied on June 13, 2012. (*Id.*)

appealability. (*Id.* Docket Nos. 34-35.) In its Order, this Court determined: (1) the trial court had no duty to order a competency hearing; (2) the trial court did not err in denying Petitioner's motion to suppress un-Mirandized statements; (3) the trial court did not fail to instruct the jury on competence and intent; and (4) Petitioner's trial counsel did not render ineffective assistance of counsel. (*Id.*, Docket No. 34.)

On February 15, 2016, Petitioner constructively filed this Petition attacking the same 2009 judgment.[2] In his Petition, Petitioner argues: (1) the San Diego Superior Court Judge failed to submit a waiver in open court to transfer Petitioner's case to East County Court; (2) the Prosecutor failed to obtain a waiver from Petitioner after transferring his case to East County Court; (3) the Court failed to arraign Petitioner within 48 hours of arrest; and (4) Detective Garcia failed to inform San Diego County Jail of Petitioner's pending charges of robbery, resulting in a failure to rebook Petitioner on the robbery charges. (Docket No. 1.)

On May 4, 2016, Respondent moved to dismiss the Petition on the grounds that it was successive, and that Petitioner failed to obtain authorization to file it from the Ninth Circuit. (Docket No. 8.) On August 3, 2016, Judge Adler issued the Report and Recommendation, and ordered the parties to file their respective objections, if any, by August 24, 2016. (Docket No. 14.)

On August 22, 2016, Petitioner filed two motions, one to stay the case, and one for an extension of time to file his objections. (Docket Nos. 17, 19.) On August 30, 2016, the Court granted Petitioner's motion for an extension of time to file his objections, extending his time to file to September 23, 2016. (Docket No. 20.) On September 23,

---

[2] *See Houston v. Lack*, 487 U.S. 266, 276 (1988) ("notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk"). Here, it appears Hernandez handed his Petition to prison authorities on February 15, 2016. (Docket No. 1 at 52.)

3

Petitioner filed a motion for an additional extension of time to file his objections. (Docket No. 24.)

## DISCUSSION

### I. Petitioner's Motion for Stay of Judgment

In Petitioner's Motion for Stay of Judgment, he requests the Court delay its judgment until he files an application for leave to file a second or successive petition from the Ninth Circuit. (Docket No. 19.) He indicates he understands how to properly file a second or successive petition, which is to get permission from the Ninth Circuit. (*Id.*)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to grant a stay, a court considers: (1) "possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Petitioner's Motion is solely based on his recent understanding of the need to obtain permission from the Ninth Circuit in order to have filed his case in the first place. Although his Motion does does not squarely address any of the three factors, the Court has evaluated each of the factors. First, it does not appear Petitioner will suffer any damages if the action is not stayed because he essentially admits that his lawsuit was improperly filed and he must obtain leave from the Ninth Circuit to pursue it. (Docket No. 19.) Second, for the same reason, it does not appear Petitioner will suffer any hardship or inequity.[3] The third factor is not relevant to the Court's inquiry because the

---

[3] In particular, there is no guarantee that Petitioner will obtain the Ninth Circuit's permission to file his successive petition.

only issue before this Court, i.e. whether the Petition should be dismissed as successive, appears to have been admitted by Petitioner. (*Id.*) In sum, all three factors weigh against favor of a stay.

Because Petitioner has not established that any of the factors weight in favor of staying the case, the Motion for Stay is **DENIED**.

## II. Petitioner's Motion for Second Extension of Time to File Objections

Petitioner filed a motion seeking an additional extension of time to file objections to the Report and Recommendation on the grounds that the Salinas Valley State Prison, where he is being housed, was under a "major lockdown" due to a prison racial riot. (Docket. No. 24.) As a result, he was unable to use the prison's law library to complete his objections and file them in accordance with the Court's extended deadline. (*Id.*) The Court acknowledges Petitioner's situation, but finds that in light of his apparent admission that he needs to obtain the Ninth Circuit's permission to proceed with his case (docket no. 19.), an additional extension of time to file objections is not warranted. Therefore, Petitioner's Motion for Second Extension of Time is **DENIED**.

## III. Judge Adler's Report and Recommendation

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

Petitioner did not timely file any objections to Judge Adler's Report, despite being granted an extension of time to file objections. (Docket Nos. 17, 20.) The Court need

not conduct a *de novo* review given the absence of objections. However, the Court has conducted a *de novo* review and fully **ADOPTS** the Report and Recommendation.

Under 28 U.S.C. § 2244, a court is not required to consider a writ of habeas corpus when "it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application. . . ." 28 U.S.C. § 2244. Petitioner contends the instant Petition is not a second or successive petition because it raises "four new claims," meaning claims that were not raised in his previous petition. (Docket No. 11.) However, a claim presented in a second or successive petition that was not presented in a prior application shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Petitioner does not allege any facts to establish his new Petition satisfies the requirements of § 2244(b)(2). The Petition does not rely on a new rule of constitutional law or contain any claims "that could not have been discovered previously through the exercise of due diligence," and does not contain facts that sufficiently establish Petitioner's innocence. *Id.* As Petitioner fails to prove the claims raised in this second Petition could not have been raised in any prior petition, his second petition for writ of habeas corpus should be considered successive and, therefore, dismissed. *See Hill v. Alaska*, 297 F.3d 895, 898 (9th Cir. 2002).

Therefore, Defendant's Motion to Dismiss is **GRANTED**.

## CONCLUSION

For the reasons stated above, Petitioner's Motions to Stay and for a Second Extension of Time are **DENIED**. Defendant's Motion to Dismiss is **GRANTED** and Petitioner's petition is **DISMISSED**.

The Court **DENIES** a certificate of appealability because the issues are not debatable among jurists of reason and there are no questions adequate to deserve encouragement. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Clerk of Court shall enter judgment **DENYING** the Petition.

**IT IS SO ORDERED.**

DATED: January 17, 2017

_____
HON. ROGER T. BENITEZ
United States District Judge